NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NARENDRA PAPAYIA and KAILAS PAPAYIA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 05-CV-2722 (DMC) |
| CITY OF UNION CITY, et al. | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon a motion by the City of Union, Mayor Brian Stack, Construction Official Martin Martinetti, and Building Inspector Alejandro Velasquez ("City Defendants"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all claims brought by Narendra Papayia and Kailas Papayia ("Plaintiffs"). Also pending before the Court are Plaintiffs' motion for summary judgment and a motion by Luis Miranda ("Defendant Miranda"), for summary judgment. In the interest of time and efficiency, the Court addresses all three motions for summary judgment in this Opinion. Oral argument was not heard on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions made by all of the parties and for the reasons stated below, the City Defendants' motion for summary judgment is **granted**, Defendant Miranda's motion for summary judgment is **granted**, and Plaintiffs' motion for summary judgment is **denied**.

## I. BACKGROUND

Plaintiffs own land wherein they operate residential apartment buildings in three buildings, which are located at 806-808, 22nd Street, Union City, New Jersey. (Plaintiffs' Brief in Support of their Motion for Summary Judgment ("Pl. Br.") at 1). The premises in question consist of two apartment buildings and a two family house. (Defendant Miranda's Brief in Support of his motion for Summary Judgment ("Def. Miranda Br.") at 3). On March 4, 2005, the Union City Health Department, the Fire Bureau, and Construction Department arrived at Plaintiffs' property after being informed by police and fire officials that tenants were complaining of physical symptoms caused by high levels of carbon monoxide. (City Defendants' Brief in Support of their Motion for Summary Judgment ("Cty. Br.") at 1). Public Service Electric and PSE&G tested the premises and found the heating system was leaking carbon monoxide. (Id.) The Health Officer and other health inspectors examined the area and determined it was unsafe for human habitation due to high levels of carbon monoxide, sewage in the basement, as well as other health violations. (Id.) For safety reasons PSE&G shut down all gas services to the premises due to the high level of carbon monoxide. (Def. Miranda Br. at 3).

Fire Official Miranda and Construction Official Martinetti also inspected the premises and found various fire and public safety violations, which warranted the issuance of a Punitive Closing Order and a Notice of Unsafe Structure under N.J.A.C. 5:70-2.18. (Cty. Br. at 1). Defendant Miranda determined the violations posed a clear threat to human life due to the nature of the violations and that Plaintiffs had been "willfully or grossly negligent." (Id. at 6). Plaintiffs were ordered to keep the premises vacated and closed until the conditions were abated. (Id. at 2). Plaintiffs were further ordered to keep the premises closed for sixty days following the Bureau's

verification of abatement.  (Def. Miranda Br. at 5).   A Certificate of Continued Occupancy had to be obtained by the owner, which required Plaintiffs to abate the violations on or before March 7, 2005.  (Id.)  Construction Official Martinetti also found violations and as a result issued a Notice of Unsafe Structure.  (Id.)

Plaintiffs have not applied for building permits, nor have they submitted plans detailing their intentions to correct the many problems on their property.  (Cty. Br. at 2).  Plaintiffs have not abated a single violation, nor have they challenged any of the violations.  (Id. at 3).  Defendant Miranda issued a Notice of Imminent Hazard and Order to Take Corrective Action on March 4, 2005, which included a section entitled "Administrative Appeal Rights."  (Id. at 5).  That section specifically states, "If you deny that the violations cited justify the action taken, you may appeal by applying for a reconsideration hearing.  Your appeal request must be made within 24 hours after receipt of this notice ..."  (Id.)  Plaintiffs did not exercise their right to appeal to the Hudson County Construction Board of Appeals.  (Id. at 6).  Plaintiffs have not contacted any City officials to obtain building permits or schedule any re-inspections.  (Id. at 8).  Presently Plaintiffs' property remains uninhabited.

Plaintiffs originally filed their Complaint in state court against Defendants alleging violations of their civil rights under 42 U.S.C § 1983.  Defendants removed the action to Federal Court.  Currently pending before the Court are Plaintiffs' motion for summary judgment, Defendant Miranda's motion for summary judgment, and the City Defendants' motion for summary judgment.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### B. Plaintiffs' § 1983 Claims

Section 1983 states in relevant part:

> Every person who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order for a plaintiff to state a claim under § 1983, he must show: (1) that "the conduct complained of was committed by a person acting under color of state law;" and (2) that "the

conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141 (3d Cir. 1990); (quoting, Parratt v. Taylor, 451 U.S. 527, 535 (1981)).

### C. Plaintiffs Claims Against Municipal Officials

Plaintiff has filed § 1983 claims against Union City municipal officials, Mayor Stack, Fire Official Miranda, Building Inspector Valasquez, and Construction Inspector Martinetti. (See Plaintiffs' Complaint). The Due Process Clause of the Fourteenth Amendment prohibits government officials from using their power as a tool of oppression. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citing Collins v. Harker Heights, 503 U.S. 115, 126 (1992)). When a plaintiff challenges executive action under the Due Process Clause, he must show that the executive action complained of "shocks the conscience." Id. Under this standard, an official's conduct violates the Due Process Clause only when it "can properly be characterized as arbitrary or conscience shocking, in a constitutional sense." UA Theater Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 400 (3d Cir. 2003) (quoting Lewis, 523 U.S. at 847). The Third Circuit has repeatedly recognized that executive action violates substantive due process only when it shocks the conscience and that the "meaning of this standard varies depending on the factual context." See Id. at 400-01; Leamer v. Fauver, 288 F.3d 532, 546 (3d Cir. 2002); Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 400 (3d Cir. 2000); Nicini v. Morra, 212 F.3d 798, 809 (3d Cir. 2000) (en banc); Miller v. City of Phila., 174 F.3d 368, 375 (3d Cir. 1999).

Here, Plaintiffs have failed to put forth any evidence showing the individually named

Defendants acted in an egregious way that "shocks the conscience."  As demonstrated below, all of the officials acted within the scope of their authority when they issued the violations against Plaintiffs.

### 1. Defendant Miranda

Defendant Miranda acted within his authority as Fire Official for the City of Union, when he issued a Punitive Closing Order and a Notice of Unsafe Structure under N.J.A.C. 5:70-2.18.  New Jersey Administrative Code 5:70-1, et. seq., grants fire officials the power to command Fire Code violations to be abated.  Pursuant to this authority, a fire official may issue an order vacating premises in the event the official finds the property to have violations qualifying as an imminent hazard to the health, safety, or welfare of a building's occupants.  Imminent hazards are defined as the "presence of toxic fumes, gases or materials, or flammable or combustible liquids in violation of this Code," and "inadequacy of any required fire protection system." N.J.A.C. 5:70-2.16(b)(4)-(5).  It further states in the Code that a fire official may issue a Punitive Closing Order if he finds a violation on the property that constitutes a clear danger to human life. N.J.A.C. 5:70-2.16.

The levels of carbon monoxide present on Plaintiffs' premises in conjunction with the other health risks, such as the sewage problems, clearly rise to the level of imminent health hazards that pose a serious danger to human life.  Due to the presence of such hazards, Defendant Miranda was acting within his authority as Fire Official when he issued the Punitive Closing Order.  Plaintiffs have failed to articulate how Defendant Miranda violated their Due Process Rights or the Equal Protection of laws guaranteed by the Constitution.  Plaintiffs only state that

Defendant Miranda, as well as the other Defendants, were retaliating against Plaintiffs for their failure to support various elected officials. This baseless allegation in no way demonstrates how Defendant Miranda, or any of the other Defendants, violated Plaintiffs' constitutional rights. Plaintiffs have also failed to show how Defendant Miranda's actions "shocked the conscience." Defendant Miranda did not act outside the scope of his authority in issuing the Punitive Closing Order and did nothing that would shock the conscience. It would be a dereliction of duty if Defendant Miranda ignored his duties as Fire Official of the City of Union and ignored the dangerous conditions existing on Plaintiffs' property. He acted appropriately and for these reasons this Court grants Defendant Miranda's motion for summary judgment.

### 2. Defendant Martinetti

Plaintiffs allege Defendant Martinetti, the Construction Official called to the site, lacked authority to issue the Notice of Unsafe Structure. However, the Uniform Construction Code, N.J.A.C. 5:23-2.32, grants Defendant Martinetti this authority. In pertinent part, N.J.A.C. 5:23-2.32, provides that a building or structure which qualifies as a fire hazard, or is otherwise dangerous to human life, or the public welfare, shall be taken down and removed or made safe and secure. Upon inspecting Plaintiffs' premises on March 4, 2005, Defendant Martinetti found "numerous building, electrical, plumbing and fire violations throughout the entire structure." (Cty. Br. Ex. I). Based on these findings, Defendant Martinetti issued a Notice of Unsafe Structure. Plaintiffs have failed to offer any evidence to support their arguments that Martinetti lacked the training or qualifications necessary to make his assessments. They have also failed to put forth any evidence showing how Defendant Martinetti's actions in issuing the Notice of

Unsafe Structure "shocked the conscience." Defendant Martinetti acted pursuant to applicable state law and therefore could not shock the conscience. In addition, Plaintiffs have failed to articulate which of their constitutional rights Defendant Martinetti violated. For these reasons, the City Defendants' motion for summary judgment is granted regarding Plaintiffs' claims against Defendant Martinetti.

### 3. Mayor Stack and Building Inspector Alejandro Velazquez

Plaintiffs allege Mayor Stack violated their federal and state rights, however they do not articulate which of their rights were violated, nor to they explain how Mayor Stack violated these rights. Plaintiffs also fail to state with any particularity why they named Mayor Stack in his individual capacity in their Complaint. Plaintiffs also did not state with any degree of particularity how Building Inspector Alejandro Velazquez violated their rights, nor did they state what constitutional or state rights he violated. There is nothing on the record and Plaintiffs have offered no evidence in support of their claims against Mayor Stack or Defendant Velazquez. For these reasons, the City Defendants' motion for summary judgment is granted with respect to Defendants Stack and Velazquez.

### 4. Plaintiffs' Claims Against Union City

In addition to the claims Plaintiffs have filed against individually named Defendants, they have also filed a § 1983 claim against the Union City.

Municipalities are immune from § 1983 liability unless a government actor committed an unconstitutional act pursuant to a municipal custom or policy, or if a final policy maker for the governmental entity committed an unconstitutional act. Carswell v. Bor. of Homestead, 381

F.3d 235, 244 (3d Cir. 2004).  In order for a municipality to be found liable under § 1983, the municipality must have caused the constitutional violation itself.  Id.  The plaintiff has the burden of proving that a "direct causal link" exists between the municipal action and the alleged deprivation of his federal right.  City of Canton v. Harris, 489 U.S. 378, 385 (1989).  Here, Plaintiffs have failed to show how any of the named municipal officials in their Complaint have violated any of their state or federal rights.  If Plaintiffs cannot show how the City's employee's have violated their rights, it follows that there cannot be a direct causal link between the municipal action and the federal right that was violated.  Plaintiffs have also failed to put forth any evidence showing how Union City had a custom or policy in place that violated their rights.  For these reasons, Defendants' motion for summary judgment is granted in respect to Union City.

### D. Qualified Immunity

Even if Plaintiffs had shown that their constitutional rights were violated, the individually named Defendants would still be entitled to summary judgment because they enjoy qualified immunity.  In Harlow v. Fitzgerald, 457 U.S. 800, 808 (1982), the Supreme Court of the United States articulated the doctrine of qualified immunity as it applies to government officials.  The Court stated, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id. at 818.  Pursuant to the doctrine of qualified immunity, a public employee must only show the "objective reasonableness of his conduct" in order to be protected by the shield of "good faith" immunity.  Id. at 807.

The Supreme Court has set forth a two prong test for courts to use when determining whether an official is entitled to qualified immunity. First, a court must determine whether the public employee's conduct in question violates a clearly established statutory or constitutional right of which a reasonable person would have known. Id. at 818; see also Ryan v. Burlington County 674 F.Supp. 464, 479 (D.N.J. 1987). Second, a court must objectively look at whether a reasonable public official would understand at the time he acted that what he was doing violated those clearly established rules. Id. Qualified immunity is only defeated when an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury."

As previously discussed, the Court has examined the conduct by the City's employees and determined that none of the individually named Defendants violated any of Plaintiffs' rights. Due to the fact that Defendants' conduct did not violate any clearly established right, the Court need not address whether a reasonable public official would understand that he was violating rules. Plaintiffs have failed to defeat Defendants' qualified immunity. For this reason, together with those stated above, Defendants' motion for summary judgment is granted as to the individually named Defendants.

### D. Plaintiffs' Conspiracy Claims

In Count VI of their Complaint, Plaintiffs allege the City Defendants conspired to seize their property in violation of 42 U.S.C. § 1985. In order to bring a successful claim under § 1985, Plaintiffs must first demonstrate that their § 1983 rights were violated. Brown v. Philip

Morris, Inc., 250 F.3d 789, 805 (3d Cir. 2001).  This Court has viewed numerous photographs and documentation in support of the fact that hazardous conditions did exist on Plaintiffs' property.  Plaintiffs have failed to show how any of their § 1983 rights were violated by Defendants. Therefore, Plaintiffs' § 1985 claims fail and Defendants' motion for summary judgment on those claims is granted.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that the City Defendants' motion for summary judgment, as well as Defendant Miranda's motion for summary judgment are **granted**.  Accordingly, Plaintiffs' motion for summary judgment is **denied**.   An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        July 26, 2006
Original:    Clerk's Office
Cc:         All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File